REDMANN, Judge ad hoc.
Plaintiff sues for damages resulting from a collision of plaintiff’s 1951 Plymouth Sedan with defendant’s 1952 Ford automobile. The accident occurred on Sunday, July 27, 1952, at about 1:15 p. m., at the intersection of South Carrollton Avenue and Oleander Street. Defendants reconvened, claiming that plaintiff’s negligence was the cause of the accident. From a judgment in favor of plaintiff for $201.49 and dismissing the reconventional demand, defendants appealed.
The plaintiff was driving his car in the center traffic lane on South Carrollton Avenue towards Canal Street at about *211 thirty miles per hour. South Carrollton Avenue is one of the widest neutral-ground streets and one of the main traffic arteries in the City of New Orleans. When plaintiff’s car was about 150 feet from Oleander Street, which traverses South Carrollton Avenue, the car of defendant Totaro was crossing the neutral ground on the Avenue. There was another car proceeding in the same direction as plaintiff’s but in the left traffic lane and slightly behind plaintiff’s car. The defendant, believing that he had time to clear the oncoming cars, made a left turn into Carroll-ton Avenue,, clearing the car in the left lane, going over into the center traffic lane where the right rear of his car was struck by the left front of plaintiff’s car. The car of defendant Totaro had just about negotiated the turn when the collision occurred.
While there is some conflict in the testimony, we find no reason to believe that the trial judge was in error in holding the defendants responsible for the accident. After all he was in the superior position to weigh the testimony and determine the credibility of the witnesses. We fail to discern manifest error in his factual conclusions.
In Myers v. Landry, La.App., 50 So.2d 318, 320, we said:
“The law is. to the effect that the operator of a motor vehicle, desiring to turn left, carries the responsibility of being certain that the turn can be made without danger to normal overtaking or oncoming traffic, and he must yield the right of way to such vehicles. Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264, and cases therein cited.”
The defendant Totaro could not reasonably expect traffic moving on a main and right of way thoroughfare to stop or even slow down beyond the maximum allowable speed at every cross street on which an automobile might be upon a wide neutral ground such as Carrollton Avenue. The plaintiff had the right of way, was crossing at an allowable rate of speed, and was entitled to believe that defendant Totaro would not improvidently proceed and turn left into the path of the oncoming cars.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.